**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 21-14328 |
| **ATHLETIC SPECIALTIES 2, INC.,** | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | Hearing Date:  December 27, 2021 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

To:   See Attached Service List

PLEASE TAKE NOTICE THAT on **December 27, 2021, at 9:30 a.m.**, we shall appear before the Honorable A. Benjamin Goldgar, or any other Judge sitting in his stead and present Debtor's **DEBTOR'S FIRST-DAY MOTION FOR USE OF CASH COLLATERAL (INTERIM HEARING)**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom** for Government. No personal appearance in court is necessary or permitted.

**To appear and be heard on the motion**, you must do the following: To appear by video, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode. Meeting ID and password. The meeting ID for this hearing is 160 817 7512 and the password is 623389.

**The meeting ID and password** can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

...
...
...

**ATHLETIC SPECIALTIES 2, INC.,** Debtor

By**:**    /s/ Ariel Weissberg
        One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

# CERTIFICATE OF SERVICE

I, Ariel Weissberg, certify that on December 20, 2021, I caused to be served **DEBTOR'S FIRST-DAY MOTION FOR USE OF CASH COLLATERAL (INTERIM HEARING)** to be filed electronically.  Notice of this filing was sent to all parties registered with the court's ECF electronic transmission, including to the following parties:

Patrick S. Layng, Esq.
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604-2027
USTPRegion11.ES.ECF@usdoj.gov

Matthew Brash, Esq.
Newpoint Advisors Corporation
655 Deerfield Road
Suite 100-311
Deerfield, IL 60015-3241

and on December 20, 2021, by electronic transmission to the following parties:

Village Bank & Trust
c/o Brandon R. Freud, Esq.
Chuhak&Tecson

30 South Wacker Dr., Suite 2600
Chicago, IL 60606-7512
Email:  BFreud@chuhak.co

and on December 21, 2021, by first class U.S. mail, postage prepaid to the parties listed on the attached Service List and to following taxing authorities:

Illinois Department of Revenue
Bankruptcy Section
100 W. Randolph Street
Chicago, IL  60606

Illinois Department of Revenue
Legal Services Office MC5-500
101 West Jefferson
Springfield, IL  62794

U.S. Attorney
219 S. Dearborn Street
Chicago, IL 60604

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

District Director
Internal Revenue Service
230 S. Dearborn St.
Mail Stop 5016-CHI
Chicago, IL 60604

Richard E. Zuckerman
Tax Division (DOJ)
Department of Justice – Tax Division
950 Pennsylvania Avenue NW
Washington DC, 20530-0001

Internal Revenue Service,
Mail Stop 5014CHI,
230 S. Dearborn Street
Room 2600
Chicago, IL 60604-1705

Office of Chief Counsel
Internal Revenue Service
200 West Adams, Suite 2300
Chicago, IL  60606

          /s/ Ariel Weissberg
              Ariel Weissberg

# SERVICE LIST

| | | |
|---|---|---|
| American Plastics<br>c/o Asset Collections Inc<br>600 SW 92nd<br>Portland, OR 97223 | Carey Brunelli<br>2550 North Lake Shore Ave<br>Chicago, IL 60614 | Christine and Stanley Domanski<br>4238 North Sayre<br>Norridge, IL 60706-7107 |
| HRP Products<br>PO Box 190<br>Somersworth, NH 03878-0190 | Hickory Brands<br>429 27th Street NW<br>Hickory, NC 28601-4549 | Manning Silverman<br>175 Olde Half Day Road<br>Lincolnshire, IL 60069-3074 |
| Michelle Palmberg<br>1240 Karl Court, Suite 1<br>Wauconda, IL 60084-1081 | Quest<br>PO BOX 1090<br>Menomonee Falls, WI 53052-1090 | Rip-It (Clearview Systems)<br>PO BOX 850001<br>Orlando, FL 32885-0001 |
| SafeTGard Corp<br>4975 Miller Street, Unit B<br>Wheat Ridge, CO 80033-2210 | Scott Palmberg<br>1240 Karl Court, Suite 1<br>Wauconda, IL 60084-1081 | Southern Converters/FWI Supply<br>309 Dividend Drive<br>Peachtree City, GA 30269-1907 |
| Steff Ind. (now Southern Craft MFG)<br>3115 Nothington Court<br>Florence, AL 35630-6353 | TEDC<br>315 N Broadway, Ste 300<br>Tyler, TX 75702-5757 | Tom Wicoff Advertising<br>1024 College Avenue<br>Wheaton, IL 60187-5720 |
| Tri-Foxco<br>4645 Witmer Industrial Estate<br>Niagara Falls, NY 14305-1360 | U.S. Small Business Administration<br>Dept. of Treasury, Bureau of Fiscal<br>P.O. Box 830794<br>Birmingham, AL 35283-0794 | Village Bank & Trust<br>Brandon Freud/Chuhak&Tecson<br>30 South Wacker Dr., Suite 2600<br>Chicago, IL 60606-7512 |
| XPO Logistics<br>30 S. Wacker Dr., Suite 2600<br>Chicago, IL 60606-7512 | | Matthew Brash<br>Newpoint Advisors Corporation<br>655 Deerfield Road<br>Suite 100-311<br>Deerfield, IL 60015-3241 |

Case 21-14328    Doc 4    Filed 12/20/21    Entered 12/20/21 23:58:08    Desc Main
Document      Page 5 of 14

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 21-14328 |
| **ATHLETIC SPECIALTIES 2, INC.,** | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Debtor. | ) | |
| | ) | Hearing Date: December 27, 2021 |
| | ) | Hearing Time: 9:30 a.m. |

**DEBTOR'S FIRST-DAY MOTION FOR USE OF CASH COLLATERAL**
**(INTERIM HEARING)**

NOW COMES Debtor, Athletic Specialties 2, Inc. ("Debtor" or "Athletic Specialties"), by its attorneys, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. and as *Debtor's Motion for Use of Cash Collateral (Interim Hearing)*, states as follows:

**I.    INTRODUCTION**

1. On December 20, 2021, Debtor filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 Sub-Chapter V of the Bankruptcy Code. Since then, the Debtor has been managing its assets as a debtor-in-possession.

2. Athletic Specialties is an Illinois corporation incorporated on March 22, 2017. Athletic Specialties is involved in the distribution and manufacturing of sporting goods equipment and athletic uniforms. The company headquarters is located at 1230 Karl Court Wauconda, Illinois and the distribution facility is located at 225 E. Hwy 32 Licking, Missouri. The sole shareholder, officer and director of Athletic Specialties is Scott Palmberg.

3	The company has over 1500 customers throughout the United States, Puerto Rico, Canada and Japan. The customers are single store locations that purchase Athletic Specialties' products to sell to colleges, high schools, youth programs and recreational facilities.

4.	Athletic Specialties has eight full time employees and four seasonal employees during the busy period. The staff in Wauconda, Illinois perform customer service, bookkeeping, sales and purchasing. The employees in Licking, Missouri perform shipping, loading trucks, unloading containers, picking and packing orders. There are eight outside manufacturer sales representatives that are commission based.

5.	Athletic Specialties had a number of challenges over the past two years. The biggest impact was the Covid 19 pandemic. The cancelation of sports programs in many colleges, all of the high school and youth programs was devastating to Athletic Specialties' business in 2020 and the 1st quarter of 2021. Year over year sales declined nearly 75% from 2019 to 2020. The supply chain issues resulting in the shortage of merchandise and raw materials continued to be problem in the 2nd and 3rd quarter of 2021. The 4th quarter of 2021 has seen a significant uptick in business and is forecasted to continue in 2022.

6.	The Debtor initiated its bankruptcy to avoid a forfeiture of its accounts receivable and inventory in a UCC sale that was scheduled for December 20, 2021, by its major secured creditor and credit facility through the Village Bank and Trust Company ("Village Bank"). On May 12, 2021, the Village Bank obtained a judgment in the amount of $5,207,831.24 against Athletic Specialties in the action captioned as, *Village Bank and Trust Company v. Athletic Specialties 2, Inc., et al,* that is pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, as Case Number 2020-L-408 ("Lake County Action"). The following is a

description of the first, perfected, senior credit facilities of the Village Bank:

    A.    **Loan I**

7.    On October 20, 2016, Village Bank made a loan to Athletic Specialties in the original principal amount of $1,525,000.00 ("Loan I"). As evidence of Loan I and Athletic Specialties' promise to repay the borrowed funds plus interest, Athletic Specialties executed and delivered to Village Bank the United States Small Business Administration ("SBA") Note, dated October 20, 2016, in the original principal amount of $1,525,000.00 ("Note I"). Pursuant to the terms of Note I, Athletic Specialties agreed to repay the borrowed Loan I funds plus interest in monthly installments and the remaining unpaid Loan I balance on the date of maturity. On or about January 6, 2020, Loan I went into default after Village Bank did not receive the full payments due and owing under Note I on that date or thereafter.

    B.    **Loan II**

8.    On October 20, 2016, Village Bank made a loan to Athletic Specialties in the original principal amount of $350,000.00 ("Loan II"). As evidence of Loan II and Athletic Specialties' promise to repay the borrowed funds plus interest, Athletic Specialties executed and delivered to Village Bank the SBA Note, dated October 20, 2016, in the original principal amount of $350,000.00 ("Note II"). Pursuant to the terms of Note II, Athletic Specialties agreed to repay the borrowed Loan II funds plus interest in monthly installments and the remaining unpaid Loan II balance on the date of maturity. On or about January 6, 2020, Loan 11 went into default after Village Bank did not receive the full payments due and owing under Note II on that date or thereafter.

    **C.**    **Loan III**

    9.    On May 15, 2017, Village Bank made a loan to Athletic Specialties in the original principal amount of $2,500,000.00 ("Loan III"). As evidence of Loan III and Athletic Specialties' promise to repay the borrowed funds plus interest, Athletic Specialties executed and delivered to Village Bank the SBA Note, dated May 15, 2017, in the original principal amount of $2,500,000.00 ("Note III"). Pursuant to the terms of Note III, Athletic Specialties agreed to repay the borrowed Loan III funds plus interest in monthly installments and the remaining unpaid Loan III balance on the date of maturity. On or about January 6, 2020, Loan III went into default after Village Bank did not receive the full payments due and owing under Note III on that date or thereafter.

    **D.**    **Loan IV**

    10.    On May 15, 2017, Village Bank made a loan to Athletic Specialties in the original principal amount of $2,000,000.00 ("Loan IV" and, collectively with Loan I, Loan II, and Loan III, "Loans"). As evidence of Loan IV and Athletic Specialties' promise to repay the borrowed funds plus interest, Athletic Specialties executed and delivered to Village Bank that certain Revolving Note, dated May 15, 2017, in the original principal amount of $2,000,000.00, as modified thereafter, most recently by that certain Third Change in Tem1s Agreement, dated August 15, 2019 between Athletic Specialties and Village Bank (collectively, "Note IV" and, collectively with Note I, Note II, and Note III, "Notes"). Pursuant to the terms of Note IV, Athletic Specialties agreed to repay the borrowed Loan IV funds plus interest in monthly installments and the remaining unpaid balance on the date of maturity, which was November 15, 2019.

### E. Defaults and Collateralization of Loans

11. On or about November 15, 2019, Loan IV went into default by virtue of Loan IV's maturity and nonpayment of full amounts due and owing under Note IV on that date and thereafter.

12. Following the defaults, Loan I, Loan II, and Loan III were accelerated, and Village Bank declared the entire obligations represented by Note I, Note II, and Note III immediately due and owing.

13. As additional security for and in order to induce Village Bank to make Loan I, Athletic Specialties granted Village Bank a security interest in substantially all of the personal property of Athletic Specialties ("Collateral") pursuant to that certain Commercial Security Agreement dated October 20, 2016 ("Security Agreement I"). As additional security for and in order to induce Village Bank to make Loan II, Athletic Specialties granted Village Bank a security interest in the Collateral pursuant to that certain Commercial Security Agreement dated October 20, 2016 ("Security Agreement II"). As additional security for and in order to induce Village Bank to make Loan III, Athletic Specialties granted Village Bank a security interest in Collateral pursuant to that certain Loan and Security Agreement and that certain Continuing Security Agreement, both dated May 15, 2017. As additional security for and in order to induce Village Bank to make Loan IV, Athletic Specialties granted Village Bank a security interest in Collateral pursuant to that certain Continuing Security Agreement and that certain Continuing Security Agreement, both dated May 15, 2017 (collectively, "Security Agreement IV" and, collectively with Security Agreement I, Security Agreement II, and Security Agreement III, "Security Agreements").

14. Village Bank perfected its secured interests in the Collateral by filing following documents with the Illinois Secretary of State ("SOS"): (i) that certain UCC Financing Statement with the SOS on October 27, 2016 that was assigned Document No. 21826952; (ii) that certain UCC Financing Statement with the SOS on October 27, 2016 that was assigned Document No. 21828033; (iii) that certain UCC Financing Statement with the SOS on May 16, 2017 that was assigned Document No. 22383833; and (iv) that certain UCC Financing Statement with the SOS on May 16, 2017 that was assigned Document No. 22383922 (collectively, "UCC Filings"). Pursuant to the Security Agreements and the UCC filings, Village Bank has perfected secured interests in the Collateral, that is senior to all other secured creditors.

15. Subordinate to the claims of the Village Bank is the secured credit facility of Carey Brunelli, the former owner of Athletic Specialties. Mr. Brunelli is owed approximately $900,000.00. This indebtedness is secured by a second, junior, perfected security interest in substantially all of the assets of Athletic Specialties.

16. Debtor has the need to use the proceeds of its inventory and accounts receivable. These proceeds are the "cash collateral" of Village Bank. Presently, Athletic Specialties has approximately $300,000.00 in accounts receivable and at cost approximately $800,000.00 in inventory.

17. Debtor needs to use these proceeds to pay the ordinary and necessary post-petition operating expenses of the Debtor's business. Without the use of this cash collateral, Debtor cannot pay legitimate business expenses including insurance, utilities, rent, maintenance, payroll, inventory and supplies. These ordinary and necessary expenses equal $43,435.00. A budget is

appended hereto as **Exhibit 1** ("Budget").[1]

18. The use of the cash collateral would generate additional funds to be used to fund adequate protection payments and/or a Plan of Reorganization and would be in the best interest of all parties including creditors, vendors and employees of the Debtor.

19. Presently, Debtor has no realistic source of funds other than cash collateral to pay these operating expenses. Debtor would be severely prejudiced if he could not use the cash collateral representing the proceeds from accounts receivable and inventory.

## II.   THE COURT SHOULD GRANT DEBTOR THE RIGHT TO USE CASH COLLATERAL

20. As delineated in the attached Budget for the properties, Debtor must use cash collateral on an emergency and interim basis, pending a final hearing on Debtor's use of cash collateral after notice to all creditors pursuant to Fed. R. Bankr. P. 2002; and until that time, on a continuing monthly basis pursuant to the entry of an order approving Debtor's use of cash collateral on a final basis.

21. Debtor proposes that Village Bank may be entitled to certain protections for the use of this cash collateral, including but not limited to the following:

   a. Debtor is willing to pay monthly payments in the amount of $3,000.00, which shall be applied to the outstanding interest and principal, and continue to decrease the outstanding amount owed to the creditor; and,

   b. Maintenance of Property Insurance as a condition for cash collateral.

22. The foregoing payments and rights are sufficient to protect the interests of Village

---

[1] The budget reflects a payment of $1,000.00 per month to accountants. The Debtor acknowledges that no fees can be paid to any professional until ordered by the Court.

Bank and satisfies the requirements of Sections 361 and 362 of the Bankruptcy Code. The Debtor projects that its revenues will remain at least constant, and that the Debtor's operating expenses will not increase.

23. This court has jurisdiction over this case pursuant to 28 U.S.C. Section 1334(a) and this is a "core matter" pursuant to 28 U.S.C. Section 157(b)(2)(M).

24. In light of the foregoing, this Court should grant Debtor the use of the proceeds from its accounts receivable and inventory on an interim basis pursuant to the Budget; and, after notice to all creditors, at a final hearing to be set by the Court, the use of cash collateral pursuant to the aggregate of the Budget.

WHEREFORE, the Debtor, Athletic Specialties 2, Inc., prays that this court enter an order as follows:

(a) allowing Debtor the interim use of his cash collateral subject to a final hearing;

(b) allowing Debtor to pay Village Bank and Trust Company the payments provided in paragraph 21, above;

(c) setting a final hearing for Debtor's use of cash collateral; and,

(d) for such other and further relief as this Court deems just and proper.

**ATHLETIC SPECIALTIES 2, INC.,** Debtor

By:     /s/ Ariel Weissberg
One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
564 W. Randolph Street, 2nd Floor

Chicago, Illinois 60661
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com