**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 11** |
| | ) | |
| | ) | **Case No. 21-14328** |
| **ATHLETIC SPECIALTIES 2, INC.,** | ) | |
| | ) | **Honorable A. Benjamin Goldgar** |
| Debtor. | ) | |

**DEBTOR'S STATUS REPORT PURSUANT TO 11 U.S.C. § 1188(c)**

NOW COMES Debtor, Athletic Specialties 2, Inc. ("Debtor" or "Athletic Specialties"), by its attorneys, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. and as *Debtor's Status Report Pursuant to 11 U.S.C. § 1188(c)* of the Bankruptcy Code, states as follows:

## I.    INTRODUCTION

1.    On January 31, 2022, Debtor filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 Subchapter V of the Bankruptcy Code.  Since then, the Debtor has been managing its assets as a debtor-in-possession.

2.    Athletic Specialties is an Illinois corporation incorporated on March 22, 2017. Athletic Specialties is involved in the distribution and manufacturing of sporting goods equipment and athletic uniforms.  The company headquarters is located at 1230 Karl Court Wauconda, Illinois and the distribution facility is located at 225 E. Hwy 32 Licking, Missouri. The sole shareholder, officer and director of Athletic Specialties is Scott Palmberg.

3    The company has over 1500 customers throughout the United States, Puerto Rico, Canada and Japan.  The customers are single store locations that purchase Athletic Specialties' products to sell to colleges, high schools, youth programs and recreational facilities.

4.    Athletic Specialties has eight full time employees and four seasonal employees during the busy period. The staff in Wauconda, Illinois perform customer service, bookkeeping, sales and purchasing.  The employees in Licking, Missouri perform shipping, loading trucks, unloading containers, picking and packing orders. There are eight outside manufacturer sales representatives that are commission based.

5.    Athletic Specialties had a number of challenges over the past two years.  The biggest impact was the Covid 19 pandemic.  The cancelation of sports programs in many colleges, all of the high school and youth programs was devastating to Athletic Specialties' business in 2020 and the 1st quarter of 2021.  Year over year sales declined nearly 75% from 2019 to 2020.  The supply chain issues resulting in the shortage of merchandise and raw materials continued to be problem in the 2nd and 3rd quarter of 2021.  The 4th quarter of 2021 has seen a significant uptick in business and is forecasted to continue in 2022.

6.    The Debtor initiated its bankruptcy to avoid a forfeiture of its accounts receivable and inventory in a UCC sale that was scheduled for December 20, 2021, by its major secured creditor and credit facility through the Village Bank and Trust Company ("Village Bank").  On May 12, 2021, the Village Bank obtained a judgment in the amount of $5,207,831.24 against Athletic Specialties in the action captioned as, *Village Bank and Trust Company v. Athletic Specialties 2, Inc., et al,* that is pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, as Case Number 2020-L-408 ("Lake County Action").  The following is a description of the first, perfected, senior credit facilities of the Village Bank:

**A.    Loan I**

7.    On October 20, 2016, Village Bank made a loan to Athletic Specialties in the original principal amount of $1,525,000.00 ("Loan I"). As evidence of Loan I and Athletic

Specialties' promise to repay the borrowed funds plus interest, Athletic Specialties executed and delivered to Village Bank the United States Small Business Administration ("SBA") Note, dated October 20, 2016, in the original principal amount of $1,525,000.00 ("Note I"). Pursuant to the terms of Note I, Athletic Specialties agreed to repay the borrowed Loan I funds plus interest in monthly installments and the remaining unpaid Loan I balance on the date of maturity.  On or about January 6, 2020, Loan I went into default after Village Bank did not receive the full payments due and owing under Note I on that date or thereafter.

**B.**     **Loan II**

8.     On October 20, 2016, Village Bank made a loan to Athletic Specialties in the original principal amount of $350,000.00 ("Loan II").  As evidence of Loan II and Athletic Specialties' promise to repay the borrowed funds plus interest, Athletic Specialties executed and delivered to Village Bank the SBA Note, dated October 20, 2016, in the original principal amount of $350,000.00 ("Note II"). Pursuant to the terms of Note II, Athletic Specialties agreed to repay the borrowed Loan II funds plus interest in monthly installments and the remaining unpaid Loan II balance on the date of maturity.   On or about January 6, 2020, Loan 11 went into default after Village Bank did not receive the full payments due and owing under Note II on that date or thereafter.

### C.    Loan III

9.    On May 15, 2017, Village Bank made a loan to Athletic Specialties in the original principal amount of $2,500,000.00 ("Loan III").  As evidence of Loan III and Athletic Specialties ' promise to repay the borrowed funds plus interest, Athletic Specialties executed and delivered to Village Bank the SBA Note, dated May 15, 2017, in the original principal amount of $2,500,000.00 ("Note III"). Pursuant to the terms of Note III, Athletic Specialties agreed to repay the borrowed Loan III funds plus interest in monthly installments and the remaining unpaid Loan III balance on the date of maturity.   On or about January 6, 2020, Loan III went into default after Village Bank did not receive the full payments due and owing under Note III on that date or thereafter.

### D.    Loan IV

10.    On May 15, 2017, Village Bank made a loan to Athletic Specialties in the original principal amount of $2,000,000.00 ("Loan IV" and, collectively with Loan I, Loan II, and Loan III, "Loans").  As evidence of Loan IV and Athletic Specialties' promise to repay the borrowed funds plus interest, Athletic Specialties executed and delivered to Village Bank that certain Revolving Note, dated May 15, 2017, in the original principal amount of $2,000,000.00, as modified thereafter, most recently by that certain Third Change in Tem1s Agreement, dated August 15, 2019 between Athletic Specialties and Village Bank (collectively, "Note IV" and, collectively with Note I, Note II, and Note III, "Notes").  Pursuant to the terms of Note IV, Athletic Specialties agreed to repay the borrowed Loan IV funds plus interest in monthly installments and the remaining unpaid balance on the date of maturity, which was November 15, 2019.

### E. Defaults and Collateralization of Loans

11. On or about November 15, 2019, Loan IV went into default by virtue of Loan IV's maturity and nonpayment of full amounts due and owing under Note IV on that date and thereafter.

12. Following the defaults, Loan I, Loan II, and Loan III were accelerated, and Village Bank declared the entire obligations represented by Note I, Note II, and Note III immediately due and owing.

13. As additional security for and in order to induce Village Bank to make Loan I, Athletic Specialties granted Village Bank a security interest in substantially all of the personal property of Athletic Specialties ("Collateral") pursuant to that certain Commercial Security Agreement dated October 20, 2016 ("Security Agreement I"). As additional security for and in order to induce Village Bank to make Loan II, Athletic Specialties granted Village Bank a security interest in the Collateral pursuant to that certain Commercial Security Agreement dated October 20, 2016 ("Security Agreement II"). As additional security for and in order to induce Village Bank to make Loan III, Athletic Specialties granted Village Bank a security interest in Collateral pursuant to that certain Loan and Security Agreement and that certain Continuing Security Agreement, both dated May 15, 2017. As additional security for and in order to induce Village Bank to make Loan IV, Athletic Specialties granted Village Bank a security interest in Collateral pursuant to that certain Continuing Security Agreement and that certain Continuing Security Agreement, both dated May 15, 2017 (collectively, "Security Agreement IV" and, collectively with Security Agreement I, Security Agreement II, and Security Agreement III, "Security Agreements").

14. Village Bank perfected its secured interests in the Collateral by filing following documents with the Illinois Secretary of State ("SOS"): (i) that certain UCC Financing Statement

with the SOS on October 27, 2016 that was assigned Document No. 21826952; (ii) that certain

UCC Financing Statement with the SOS on October 27, 2016 that was assigned Document No.

21828033; (iii) that certain UCC Financing Statement with the SOS on May 16, 2017 that was

assigned Document No. 22383833; and (iv) that certain UCC Financing Statement with the SOS

on May 16, 2017 that was assigned Document No. 22383922 (collectively, "UCC Filings").

Pursuant to the Security Agreements and the UCC filings, Village Bank has perfected secured

interests in the Collateral, that is senior to all other secured creditors.

15.     Subordinate to the claims of the Village Bank is the secured credit facility of Carey

Brunelli, the former owner of Athletic Specialties. Mr. Brunelli is owed approximately

$900,000.00. This indebtedness is secured by a second, junior, perfected security interest in

substantially all of the assets of Athletic Specialties.

## II.     STATUS OF CASE

16.     Since the initiation of the case, the Debtor has performed on its duties as a debtor-

in-possession, including the following: (a) prepared and filed its Schedules on December 26, 2021

(DE 17), Statement of Financial Affairs on December 26, 2021 (DE 18) and filed Amended

Schedules E and F (DE 20); (b) the Debtor attended its First Meeting of Creditors on January 27,

2022; (c) the Debtor attended its Initial Debtor Interview on January 4, 2022; (d) the Debtor filed

its tax documents for 2019 on December 25, 2021 (DE 15); (e) the Debtor filed its Small Business

Balance Sheet on December 26, 2021 (DE 23) and on January 12, 2022 (DE 32); (f) the  Debtor

opened a Debtor-in-Possession account at Village Bank & Trust as depository pursuant to an Order

entered by the Court on January 24, 2022 (DE 39); and (g) the Debtor filed a Monthly Operating

Report for the period ending December 31, 2021 on January 31, 2022 (DE 42).

17.     In addition, the Debtor sought and obtained the interim use of cash collateral

through a Motion to Use Cash Collateral filed on December 20, 2021 (DE 4 and 5). On December 28, 2021, the Court entered the first interim cash collateral Order (DE 30) granting the Debtor use of cash collateral through January 18, 2022. On January 21, 2021, the Court entered the first interim cash collateral Order (DE 36) granting the Debtor use of cash collateral through January 31, 2022. On January 31, 2022, the parties agreed to the Debtor's interim use of cash collateral, this time through February 28, 2022. A draft Order was submitted on January 31, 2022, to the Court for its consideration and entry.

18.    On January 30, 2022, the Debtor filed his Motion to Sell Property Free and Clear of Liens pursuant to § 363 of the Bankruptcy Code (DE 40). Through this Motion, the Debtor is seeking to sell its assets, which is the collateral of Village Bank & Trust, to Midwest High Yield, Inc. for a purchase price of $475,000. This Motion is set for presentation on February 28, 2022, at 9:30 a.m.

19.    On January 31, 2022, the Debtor will be filing its Motion to Employ Ariel Weissberg as counsel for the Debtor.

20.    The Debtor is continuing to work cooperatively with the Subchapter V Trustee, Matthew Brash, to facilitate reorganization.

**ATHLETIC SPECIALTIES 2, INC.,** Debtor

By:_____/s/ Ariel Weissberg_____
        One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Ariel Weissberg, certify that on January 31, 2022, I caused to be served ***Debtor's Status Report Pursuant to 11 U.S.C. § 1188(c)*** to be filed electronically.  Notice of this filing was sent to all parties registered with the court's ECF electronic transmission, including to the following parties:

Patrick S. Layng, Esq.
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604-2027
USTPRegion11.ES.ECF@usdoj.gov

Matthew Brash, Esq.
Newpoint Advisors Corporation
655 Deerfield Road
Suite 100-311
Deerfield, IL 60015-3241

Village Bank & Trust
c/o Brandon R. Freud, Esq.
Chuhak&Tecson
30 South Wacker Dr., Suite 2600
Chicago, IL 60606-7512
Email:  BFreud@chuhak.co

        /s/ Ariel Weissberg
        Ariel Weissberg